## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| *Versus* | § | |
| | § | **Civil Action No.** _5:23-CV-1177_ |
| **SPENSECURITY, LLC, JACQUISH SPENCER, Individually, and HUMBERTO REYNA** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants** | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Scottsdale Insurance Company ("Scottsdale") files this Original Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and Rules 57 and 15 of the Federal Rules of Civil Procedure and seeks a declaratory judgment that it is not obligated to defend or indemnify Spensecurity, LLC ("Spensecurity") or Jacquish Spencer ("Spencer") as outlined below:

### INTRODUCTION

1.      Scottsdale seeks a judicial determination that it owes no duty to defend or to indemnify Spensecurity and Spencer against claims raised in the lawsuit styled *Humberto Reyna v. KHBJR Enterprises, et al*, Cause Number 2023CI07546, pending in the 408th Judicial District Court of Bexar County, Texas ("Underlying Lawsuit").

### PARTIES

2.      At all pertinent times, Scottsdale was, and still is, an Arizona corporation with its principal place of business in Arizona.

3.      At all pertinent times, Spensecurity was and is a Texas Limited Liability Company registered in the state of Texas, and may be served at 5900 Balcones Dr, Suite 100, Austin, TX.

4.      At all pertinent times, Jacquish Spencer was and ais a citizen of Texas, and may be served at 17039 Lands Wake, San Antonio, TX, or wherever he may be found.

5.      At all pertinent times, Humberto Reyna ("Underlying Plaintiff") was and is a citizen of Texas. Underlying Plaintiff may be served at 2350 Cincinnati Avenue, San Antonio, Texas 78228, or wherever he may be found.  Even though Underlying Plaintiff is not a party to the policy at issue, given Underlying Plaintiff's status, he will not be bound by a judgment rendered as to the Policy's scope of coverage unless he is made a party to this lawsuit.  *Dairyland Cty. Mut. Ins. v. Childress,* 650 S.W.2d 770 (Tex. 1983).

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs, because Spensecurity and Spencer are allegedly responsible for damages to Underlying Plaintiff between $200,000 and $1,000,000.

7.      Venue is proper in the United States District Court, Western District of Texas, San Antonio Division pursuant to 28 U.S.C. §1391 because the policy in dispute was issued in this district, all parties are subject to the jurisdiction of this Court, and because a substantial part of the event or omissions giving rise to the claims occurred within the judicial district.

## FACTUAL BACKGROUND

1.      On April 17, 2023, Underlying Plaintiff filed suit against, KHBJR Enterprises, LLC d/b/a 4th Quarter Sports Bar ("KHBJR"), Spensecurity, LLC and Jacquish Spencer, individually (the "Underlying Defendants"), in the 408th Judicial District Court of Bexar County, Texas, Cause Number 2023CI07546.  A true and correct copy of Plaintiff's Original Petition is attached as Exhibit "A."

2

2.      On May 31, 2023, Defendants Spensecurity and Spencer filed an Original Answer. A correct copy of Spensecurity and Spencer's Answer, is attached as Exhibit "B."

3.      According to the Original Petition, on or about February 19, 2023, Underlying Plaintiff was a customer of KHBJR, a bar located at 8779 Wurzbach, San Antonio, Texas.  Exhibit A, page 3.

4.      Underlying Plaintiff alleges that to avoid an altercation involving other customers, Underlying Plaintiff and his three friends decided to leave the location. *Id.*

5.      Underlying Plaintiff and his friends allegedly got in their vehicle, and Underlying Plaintiff drove towards the exit of the parking lot. *id.* at page 3-4.

6.      Underlying Plaintiff alleges that the security guard for KHBJR, Spencer, pointed a shotgun at Underlying Plaintiff's vehicle mistakenly believing them to be individuals involved in the altercation inside the bar. *Id.* at page 4.

7.      Underlying Plaintiff further alleges that he "instantly rolled down his windows, raised his hands, and begged Spencer not to shoot them." *Id.*

8.      Underlying Plaintiff states, "Defendant Spencer abruptly decided to shoot Plaintiff through the window of his car and struck him in the left shoulder causing [Underlying] Plaintiff to collapse." *Id.*

9.      Underlying Plaintiff alleges that he suffered serious injuries due to Defendant Spencer's "senseless and reckless act[.]" *Id.* at page 5.

10.     Underlying Plaintiff asserts a negligence cause of action and argues that the Underlying Defendants (including Spensecurity and Spencer) all had a duty to "exercise the degree of reasonable care that a reasonably prudent bar owner, security company, and security guard would use to avoid harm to others." *Id.*

11.     Specifically, Underlying Plaintiff asserts that his "injuries were proximately caused by the negligence, carelessness, and recklessness of Defendants in one or more of the following non-exclusive particulars:" and lists "Assault and Battery". *Id.* at page 6.

12.     Underlying Plaintiff also asserts a cause of action based on Respondeat Superior, stating that "all agents, servants, and/or employees of Defendants were acting within the course and scope of employment[.]" *Id.* at page 9.

13.     Underlying Plaintiff also asserts a cause of action based on Gross Negligence, and states that Defendants' conduct was "gross, willful and wanton", and therefore seeks exemplary damages. *Id.*

14.     Underlying Plaintiff seeks damages in the following categories (1) actual damages; (2) mental anguish damages; (3) exemplary damages; (4) pre- and post-judgment interest; and (5) court costs. *Id.* at page 11-12.

15.     By letter dated May 31, 2023, Scottsdale advised Spensecurity and Spencer that it would defend them against the claims raised by the Underlying Plaintiff, subject to a reservation of rights, a copy of which is attached hereto as Exhibit "C". The reservation of rights letter included a statement that Scottsdale reserved the right to seek reimbursement of defense costs in the event it was determined that no defense was owed.

## THE POLICY

16.     Scottsdale issued Policy No. RBS-0116274 ("Policy") to Spensecurity for the period July 22, 2022 to March 18, 2023, a true and correct copy of which is attached as Exhibit "D."

17.     The Policy includes Commercial General Liability ("CGL") Coverage with limits of $1 million each occurrence / $2 million general aggregate, in accordance with the terms, exclusions, limitations, definitions, and conditions stated in the Policy. Exhibit D, page 21.

4

PD.43151744.1

18.     The Insuring Agreement of Coverage A provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* at page 23.

19.     In addition, the Insuring Agreement requires that any "bodily injury" be caused by an "occurrence," which is defined as "an accident including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at page 37.

20.     The Policy is subject to the Expected or Intended Injury Exclusion, which bars coverage for "'[b]odily injury' . . . expected or intended from the standpoint of the insured." *Id.* at page 24.

21.     The Insuring Agreement of the Policy's Errors and Omissions Coverage provides that Scottsdale agrees to "pay those sums that the insured becomes legally obligated to pay as 'damages' as a result of an 'error or omission' to which this insurance applies." *Id.* at page 54.

22.     The term "damages" is defined as "monetary judgments, awards or settlements the insured is legally obligated to pay as a result of an 'error or omission' to which this insurance applies." The term "damages" expressly "shall not include . . . [j]udgments or awards arising from acts deemed uninsurable by law." *Id.* at page 62.

23.     The term "error or omission" means "any negligent act, error or omission while performing those services described in the Schedule of this Coverage Part under the Description of Services." The Scheduled services are "Security Guard and Patrol." *Id.*

24.     The Policy's Errors and Omissions Coverage is subject to Exclusion d., which precludes coverage for any "[i]njury arising out of a dishonest, fraudulent, malicious or criminal act by any insured." *Id.* at page 55.

25.     The Policy's Errors and Omissions Coverage is subject to Exclusion p., that

PD.43151744.1

precludes Errors and Omissions Coverage for "[a]ny claims covered under the Commercial General Liability Coverage Part, Liquor Liability Coverage Part or any other coverages included in this policy." *Id.* at page 58.

26.     The Policy's Commercial General Liability Coverage and Errors and Omissions Coverage are both amended by an endorsement entitled "Assault and/or Battery Limited Liability Coverage Form," which provides as follows:

> Except as provided by this coverage form, this policy does not apply to "injury", "bodily injury", "property damage", "error or omission" or "personal and advertising injury" arising from:
>
> 1. Assault and/or Battery committed by:
>     a. Any insured;
>     b. Any employee/"employee" of any insured; or
>     c. Any other person; or
>
> 2. The failure to suppress or prevent Assault and/or Battery by any person in 1. above; or
>
> 3. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or
>
> 4. The negligent:
>     a. Employment;
>     b. Investigation;
>     c. Supervision;
>     d. Reporting to the proper authorities, or failure to so report; or
>     e. Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1. and 2. above.
>
> We will have no duty to defend any suit/"suit" against you seeking damages/"damages" on account of any such injury unless coverage is provided by this Coverage Form.

*Id.* at page 64.

27.     The Policy's Assault and/or Battery Limited Liability Coverage Form further

6

provides:

### 1. COVERAGES – ASSAULT AND/OR BATTERY LIABILITY

We will pay on your behalf all sums which you shall become legally obligated to pay as "damages" because of "injury", "bodily injury", "property damage", "error or omission" or "personal and advertising injury" to any person arising out of Assault and/or Battery that takes place during the policy period. We will have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this Coverage Form has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

*Id.* at page 65.

28.    The limit of liability for the Assault and/or Battery Liability coverage is $100,000 each event, $200,00 aggregate.  *Id.*

29.    The Policy's Assault and/or Battery Liability Coverage is subject to an exclusion for "[a]ny claim for punitive or exemplary damages."  *Id.*

30.    The Policy is subject to an "Exclusion – Designated Ongoing Operations" Endorsement, which applies to the Commercial General Liability coverage and states, in part, as follows:

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location."

> For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

*Id.* at page 46.

31.     The "Description of Designated Ongoing Operation(s)" in the endorsement includes, among other things, "[a]ny and all security located for taverns, bars, or clubs during operating hours." *Id.*

32.     The Policy also includes a "Designated Services Exclusion," which applies to the Errors and Omissions coverage and provides that "[t]his insurance does not apply to any 'error or omission' or 'damages' arising out of the rendering or failure to render any service shown in the Schedule." "Any and all security located for taverns, bars, or clubs during operating hours" is listed in the Schedule for this endorsement.  *Id*. at page 79.

## **FIRST REQUEST FOR RELIEF - DECLARATORY JUDGMENT**

33.     Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

34.     There is an actual, present, and existing controversy between Scottsdale and Defendants regarding the applicable coverage under the Policy in connection with the claims presented in the Underlying Lawsuit.

35.     Based upon the facts alleged in the Underlying Lawsuit, Scottsdale has no duty to defend Defendants Spensecurity and Spencer, as the Exclusion – Designated Ongoing Operations and Designated Services Exclusion apply, given it is alleged that the Defendants were performing security work at a bar at the time of the underlying loss.  Relatedly, because Scottsdale reserved the right to seek reimbursement of defense costs in the event it was determined Scottsdale did not

PD.43151744.1

have a duty to defend, Scottsdale has the right to seek reimbursement of defense costs it incurred to defend this non-covered claim.

36.     Based upon any facts that can be adduced or determined in the Underlying Lawsuit, Scottsdale also has no duty to indemnify Defendants Spensecurity and Spencer due to the Exclusion – Designated Ongoing Operations and Designated Services Exclusion preclude coverage.

37.     Pleading in the alternative, in the event the Exclusion – Designated Ongoing Operations and Designated Services Exclusion do not apply (which Scottsdale does not concede), the Policy's Assault and Battery Exclusion and the Assault and Battery Limited Liability insuring agreement apply, meaning the total coverage potentially available for the Underlying Lawsuit would be $100,000.

38.     In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation of this matter continues, and it reserves the right to amend its Complaint for Declaratory Judgment.

WHEREFORE, Scottsdale Insurance Company respectfully prays:

a.     That Defendants be cited to answer and appear;

b.     That Plaintiff Scottsdale has no obligation under the Policy to defend Spensecurity, LLC in the Underlying Lawsuit;

c.     That Plaintiff Scottsdale has no obligation under the Policy to defend Jacquish Spencer in the Underlying Lawsuit;

d.     That Plaintiff Scottsdale has no obligation under the Policy to indemnify Spensecurity, LLC against the claims asserted the Underlying Lawsuit;

e.   That Plaintiff Scottsdale has no obligation under the Policy to indemnify Jacquish Spencer against the claims asserted in the Underlying Lawsuit;

f.   That Plaintiff Scottsdale is entitled to seek reimbursement of defense costs it incurred to defend Spensecurity, LLC. in the Underlying Lawsuit;

g.   That Plaintiff Scottsdale is entitled to seek reimbursement of defense costs it incurred to defend Jacquish Spencer in the Underlying Lawsuit;

h.   That, alternatively, Scottsdale's coverage for the Underlying Lawsuit is limited to the $100,000 Assault and Battery Limited Liability limit; and

i.   That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Sara E. Nau*
_____
Sara E. Nau
TBN 24083551
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email: naus@phelps.com

**ATTORNEY FOR PLAINTIFF,**
**SCOTTSDALE INSURANCE COMPANY**

PD.43151744.1